**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| Annie Credle, Stella Schaeffer and Billie Mattinson, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No. | 10 C 2901 |
| | ) | | |
| Bay Area Credit Service, LLC, a California limited liability company, | ) | | |
| | ) | | |
| Defendant. | ) | Jury Demanded | |

**COMPLAINT**

Plaintiffs, Annie Credle, Stella Schaeffer and Billie Mattinson, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Annie Credle ("Credle"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt she owed for a Credit One Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Plaintiff, Stella Schaeffer ("Schaeffer"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, despite the fact that she was represented by the legal aid attorneys at LASPD, located in Chicago, Illinois.

5.     Plaintiff, Billie Mattinson ("Mattinson"), is a citizen of the State of Wyoming, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally for a Credit One Bank credit card, despite the fact that she was represented by the legal aid attorneys at LASPD, located in Chicago, Illinois.

6.     Defendant, Bay Area Credit Service, LLC ("Bay Area"), is a California limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in California and India, Bay Area operates a nationwide debt collection business and attempts to collect debts from consumers throughout the country, including consumers in the State of Illinois.  In fact, Bay Area was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiffs.

7.     Defendant Bay Area is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Bay Area does business in Illinois by collecting delinquent consumer debt debts from thousands of Illinois consumers.

8.     Moreover, Defendant Bay Area is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation,

attached as Exhibit B.  In fact, Bay Area acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

### Ms. Annie Credle

9.      Ms. Credle is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Credit One Bank credit card. When Defendant Bay Area began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Bay Area's collection actions.

10.      On February 16, 2010, one of Ms. Credle's attorneys at LASPD informed Bay Area, in writing, via a letter dated February 15, 2010, that Ms. Credle was represented by counsel, and directed Bay Area to cease contacting her, and to cease all further collection activities because Ms. Credle was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

11.      Nonetheless, Defendant Bay Area directly called Ms. Credle several times, including, but not limited to, calls on February 25, 2010 and March 8, 2010, from phone number 866-739-0522, to demand payment of the Credit One Bank debt.

12.      Accordingly, on March 10, 2010, Ms. Credle's LASPD attorney had to send Defendant Bay Area another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

### Ms. Stella Schaeffer

13.      Ms. Schaeffer is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Credit One Bank credit card.

3

When Defendant Bay Area began trying to collect this debt from her, she sought the assistance of LASPD's legal aid attorneys regarding her financial difficulties and Defendant Bay Area's collection actions.

14.    On January 26, 2010, one of Ms. Schaeffer's attorneys at LASPD informed Defendant Bay Area, in writing, that Ms. Schaeffer was represented by counsel, and directed Bay Area to cease contacting her, and to cease all further collection activities because Ms. Schaeffer was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

15.    Nonetheless, Defendant Bay Area sent a collection letter, dated February 19, 2010, directly to Ms. Schaeffer, demanding payment of the Credit One debt.  A copy of this letter is attached as Exhibit F.

16.    Accordingly, on March 29, 2010, Ms. Schaeffer's LASPD attorney had to send Defendant Bay Area another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit G.

**Ms. Billie Mattinson**

17.    Ms. Mattinson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Credit One Bank credit card. When Defendant Bay Area began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Bay Area's collection actions.

18.    On January 9, 2010, one of Ms. Mattinson's attorneys at LASPD informed Defendant Bay Area, in writing, that Ms. Mattinson was represented by counsel, and

directed Bay Area to cease contacting her, and to cease all further collection activities because Ms. Mattinson was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit H.

19.     Nonetheless, Defendant Bay Area sent a collection letter, dated February 19, 2010, directly to Ms. Mattinson, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit I.

20.     Accordingly, on March 24, 2010, Ms. Mattinson's LASPD attorney had to send Defendant Bay Area another letter, dated March 22, 2010, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit J.

21.     All of Defendant Bay Area's collection actions complained of herein occurred within one year of the date of this Complaint.

22.     Defendant Bay Area's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

23.     Plaintiffs adopt and reallege ¶¶ 1-22.

24.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

25.     Here, the letters (Exhibits <u>C</u>, <u>E</u>  and <u>H</u>) from Plaintiffs' agent, the attorney at LASPD, told Defendant Bay Area to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendant Bay Area violated § 1692c(c) of the FDCPA.

26.     Defendant Bay Area's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

27.     Plaintiffs adopt and reallege ¶¶ 1-22.

28.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

29.     Defendant Bay Area knew that Ms. Credle, Ms. Schaeffer and Ms. Mattinson were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing (Exhibits <u>C</u>, <u>E</u>  and <u>H</u>), that they were represented by counsel, and had directed Defendant Bay Area to cease communicating with them.  By calling Ms. Credle, and by sending Ms. Schaeffer and Ms. Mattinson collection letters, despite being advised that they were represented by counsel, Defendant Bay Area violated § 1692c(a)(2) of the FDCPA.

30.     Defendant Bay Area's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiffs, Annie Credle, Stella Schaeffer and Billie Mattinson, pray that this Court:

1.      Find that Defendant Bay Area's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiffs, and against Defendant Bay Area, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Annie Credle, Stella Schaeffer and Billie Mattinson, demand trial by

jury.

Annie Credle, Stella Schaeffer and
Billie Mattinson,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  May 11, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com